IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REBECCA MARTINEZ,

    Plaintiff,

v.                                                    CV 12-0660 RB/WPL

SOUTHWEST CHEESE COMPANY, L.L.C.,

    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT DESIGNATION AND REPORT AND DENYING PLAINTIFF'S MOTION TO EXTEND TIME TO DISCLOSE EXPERT ECONOMIST**

This matter is before me on the Motion to Strike Plaintiff's Expert Designation and Report brought by Southwest Cheese Company, L.L.C. ("Southwest Cheese") (Doc. 23), Rebecca Martinez's Motion to Extend Time to Disclose Expert Economist (Doc. 24), and the responses and replies filed thereto. For the reasons explained in this Order, I conclude that Martinez's expert disclosure violated Federal Rule of Civil Procedure 26(a)(2) and that this violation was not justified or harmless. Accordingly, I grant Southwest Cheese's motion to strike, and I deny Martinez's motion to extend deadlines.

**BACKGROUND**

Martinez, a former employee of Southwest Cheese, alleges that she was subjected to several instances of sexual harassment by a co-worker and that the company took no effective action to stop the harassment. (Doc. 1 Ex. 1 at 3-5.) She also alleges that she and other female employees of Southwest Cheese were discriminated against by the company, claiming that she was disciplined for certain activities while similarly situated male employees were not

disciplined and were sometimes promoted. (*Id.* at 5-6.) She filed suit in the Ninth Judicial District Court for the State of New Mexico, bringing a sexual harassment claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (2006); a racial discrimination claim under 42 U.S.C. § 1981; an age discrimination claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*; and several state law claims. (*Id.* at 6-17.) Southwest Cheese removed the matter to this Court shortly thereafter. (Doc. 1.)

After Southwest Cheese filed its answer, I set an initial scheduling conference under Rule 16. (Doc. 6.) Prior to that conference, the parties submitted a Joint Status Report ("JSR") which noted that Martinez would be calling a forensic economist and which suggested an October 15, 2012 deadline for Martinez to provide reports from any retained experts. (Doc. 9 at 15, 17.) After the scheduling conference, I issued a scheduling order that largely adopted the JSR, including the suggested deadline for Martinez to submit expert reports. (Doc. 11; Doc. 12 at 2.)

Martinez did not provide any expert reports by the scheduled deadline. She states that she was unable to procure the services of a forensic economist by October 15, 2012, because she was unemployed and "basically indigent." (Doc. 25 at 2-3.) Eventually Martinez employed the forensic economist after her attorney advanced her the necessary funds, but even then there was a delay in getting her tax records and paystubs to the economist for review. (Doc. 24 at 2.) Martinez forwarded a report from her forensic economist to defense counsel on December 28, 2012, almost a month and a half after Southwest Cheese's own deadline for disclosing expert witnesses and reports had passed. (Doc. 23 at 2.)

On the morning of February 4, 2013, Southwest Cheese filed a motion to strike the economist's expert designation and report, premising the motion on Martinez's alleged failures to abide by the requirements of Rule 26(a)(2). (*Id.*) That afternoon, not quite three hours after

Southwest Cheese filed its motion to strike, Martinez filed a motion to extend her deadline for disclosing experts. (Doc. 24.) The parties fully briefed the two motions over the next several weeks. (*See* Doc. 25 (Martinez's response to the motion to strike); Doc. 26 (Southwest Cheese's reply to that motion); Doc. 28 (Southwest Cheese's response to Martinez's motion to extend); Doc. 31 (Martinez's reply to that motion).) This matter is now before me on these two motions.

## DISCUSSION

### I. Expert Disclosure Requirements Under Rule 26(a)(2)

The Tenth Circuit recognizes that Rule 26(a)(2) exists "to allow the opposing party a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (quoting FED. R. CIV. P. 26(a)(2) advisory committee note (1993)). Therefore, if a party retains or specially employs a witness to provide expert testimony in the case, the expert must submit a report that includes, *inter alia*, "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; [and] (iii) any exhibits that will be used to summarize or support them." FED. R. CIV. P. 26(a)(2)(B). If the court provides a scheduling order setting deadlines for such disclosure, the parties are generally bound to that schedule. *See id.* 26(a)(2)(D).

Southwest Cheese argues that Martinez's expert report fails in several ways to satisfy Rule 26(a)(2). First, the company points that the report was delivered well past the deadline set in this Court's scheduling order. (Doc. 23 at 2-3.) Second, the company argues that the report does not identify all facts and data considered (*id.* at 4), does not state any opinions or reasons for such opinions (*id.*), does not sufficiently explain the data that is provided (Doc. 26 at 6-7), and does not attach any exhibits or identify the source of some information (*id.*). Martinez

concedes that her report was untimely, but she argues that the report identifies expert opinions and the reasoning behind them and that the underlying data is sufficiently clear. (Doc. 25 at 5-8.)

Having reviewed Martinez's expert report (Doc. 23 Ex. A), I find that several of Southwest Cheese's concerns are baseless. Despite the company's complaint that the report does not contain any expert opinions, the first two pages provide opinions with respect to the present value of Martinez's lost earning capacity and her past loss of earnings. (*Id.* at 1-2.) Further, the third page of the report notes that these figures were determined using Martinez's 2010 tax forms (*id.* at 3), negating Southwest Cheese's claim that the report "fails to identify a single tax return . . . used to form the expert's opinions" (Doc. 23 at 4). Although Southwest Cheese correctly notes that Martinez did not actually attach a copy of her W-2 or 1040 tax forms to the report, the absence of these forms describing Southwest Cheese's own payments to Martinez would be unlikely to prejudice the company since it probably already has that information in its possession. Accordingly, such omissions are likely harmless and could be cured with a supplemental report under Rule 26(e).

Southwest Cheese's remaining concerns regarding the contents of the report are more convincing. As the company observes, Martinez provides several charts on the fourth, fifth, and sixth pages of the report, as well as in the appendices, without fully explaining their relevance, their calculations, or their sources. The reviewing party is left to make sense of several pages of charts and calculations without any context for their inclusion in the report, any explanation of how they were reached, and in some cases any information on where they were obtained. Having not provided this necessary material in her report, Martinez has failed to provide Southwest Cheese with sufficient information to prepare for effective cross examination or to prepare a potential opposing expert to challenge these figures and their underlying methodology.

Combined with the uncontested late disclosure of the expert designation and report, these deficiencies constitute violations of Rule 26(a)(2)'s disclosure requirements.

## II. Exclusion of Martinez's Expert Report under Rule 37(c)(1)

The general penalty for Rule 26(a)(2) violations is exclusion of the expert witness and his testimony from the trial or in any motions or hearings. FED. R. CIV. P. 37(c)(1). However, because "[t]he decision to exclude evidence is a drastic sanction," *Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (citations and internal quotation marks omitted), I may admit an expert report that violates Rule 26(a)(2) if the violation is justified or harmless, *see* FED. R. CIV. P. 37(c)(1). Although I am afforded broad discretion in managing pretrial matters, *see Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011), I must be guided by four factors in determining whether the failure to abide by Rule 26(a)(2) is justified or harmless: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Jacobsen*, 287 F.3d at 953 (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

In the instant matter, I cannot say that either the expert report's substantive deficiencies or its untimely nature is substantially justified. Whatever factors led to the delay in the submission of her expert report, Martinez was certainly aware of the October 15, 2012 deadline – after all, she and Southwest Cheese suggested this deadline themselves in their Joint Status Report. (*See* Doc. 9.) Once Martinez realized that she could not meet this deadline, she could have attempted to reach an informal agreement with Southwest Cheese to extend the expert disclosure deadline. Alternatively, Martinez could have filed a motion with the Court requesting that the deadline be extended *before* it had passed, rather than almost four months later. Had she

done so, her submission of the report on December 28, 2012, might not have been untimely, and she might not have found herself scrambling to extend the deadline a mere few hours after Southwest Cheese moved to strike the report. Further, the additional two months should have at least given Martinez ample time to ensure that the report adhered to the disclosure requirements of Rule 26(a)(2)(B). The fact that Martinez's report was untimely, and that she nonetheless failed to sufficiently disclose the requisite elements despite this additional time, is not justifiable.

Regardless, I may still allow Martinez's expert report to be admitted if the late submission was harmless. With respect to the first *Woodworker's Supply* factor, I conclude that the deficiencies and untimeliness of the report create significant prejudice against Southwest Cheese. Even though Martinez revealed at the outset that she intended to retain an expert, Rule 26(a)(2) reports "are intended not only to identify the expert witness, but also 'to set forth the substance of the direct examination.'" *Jacobsen*, 287 F.3d at 953 (quoting FED. R. CIV. P. 26(a)(2) advisory committee note (1993)). By failing to timely disclose her expert and his report, Martinez deprived Southwest Cheese of its opportunity to learn of the expert's identity and findings within the schedule set forth by this Court. Moreover, by failing to provide sufficient information or reasoning connecting that information with the expert's opinions, Martinez deprived Southwest Cheese of adequate notice of the substance of her potential direct examination of the expert. Such deprivations have undoubtedly prejudiced Southwest Cheese.

The second factor, the ability to cure the prejudice, similarly counsels in favor of exclusion since the deadlines for either party to disclose expert witnesses and reports passed several months ago. While Martinez has (quite belatedly) requested an extension of these deadlines, she is required under Rule 16(b)(4) to provide good cause for such a motion. Citing caselaw relevant to Rule 55 rather than Rules 16 or 26, Martinez claims that her attorney acted

with "excusable negligence," that this term is equivalent to "good cause," and that she should therefore be granted an extension of the disclosure deadline. (Doc. 31 at 3-4.)

Pretrial scheduling orders are designed "[t]o ensure that cases move economically and expeditiously through the federal system" so that "cases can be properly, but quickly and economically, presented." *See Beller ex rel. Beller v. United States*, 221 F.R.D. 689, 692 (D.N.M. 2003); *see also Washington v. Arapahoe Cnty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000) ("[A] Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." (citations omitted)). In other contexts, the Tenth Circuit has held that a showing of good cause requires something more than a showing of excusable neglect. *See In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996) (late service under current Rule 4(m)); *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987) (extensions of time under Rule 6(b)). As such, the District of New Mexico has on several occasions required a showing of diligence when a party seeks an extension of pretrial deadlines on grounds of excusable neglect. *See, e.g.*, *Montoya v. Sheldon*, 286 F.R.D. 602, --- (D.N.M. 2012). Because Martinez's untimely submission demonstrates carelessness rather than diligence, I do not find good cause for an extension. *See Dilmar Oil Co., Inc. v. Fed. Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997) ("Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."); 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.2 & nn.12-13 (3d ed. 2012) ("Attorney neglect or inadvertence will not constitute good cause supporting modification."). Since the previously established disclosure deadlines are long expired, the prejudice done to Southwest Cheese is impossible to cure.

The third factor, the potential for disruption of the trial, would at first seem to be of little consequence since the trial in this matter will not take place until late October 2013. Still, in the

interest of fairness, the admission of the expert designation and report would require me to reopen discovery to allow Southwest Cheese a chance to prepare for the witness, determine whether it wishes to depose the expert, and consider whether it should hire its own opposing expert. Doing so would then require a further extension of the deadlines for discovery motions and dispositive motions. Once all new deadlines are established, the parties and the Court would be pushing perilously close to the August and September pretrial conference dates, which are themselves not far removed from the trial setting. The potential for disruption is therefore not inconsequential and weighs against the admission of the expert and his report.

Although Martinez did not act with diligence, it does not appear that she acted willfully or in bad faith. However, satisfaction of this fourth factor "alone would not be enough to overcome the other factors." *Jacobsen*, 287 F.3d at 954. Permitting the expert to testify in this instance despite the incomplete and untimely report would prejudice Southwest Cheese in a manner that could not be cured without permitting an unjustifiable extension of deadlines and potentially disrupting the trial setting. Accordingly, I cannot find that Martinez's Rule 26(a)(2) violations were justified or harmless, and thus I conclude that Martinez's expert should be excluded from the trial and all hearings and motions in this action pursuant to Rule 37(c)(1).

## CONCLUSION

For the foregoing reasons, Southwest Cheese's motion to strike (Doc. 23) is GRANTED, and Martinez's motion to extend deadlines (Doc. 24) is DENIED.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.