IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REBECCA MARTINEZ,

    Plaintiff,

v.                                                               CV 12-0660 MCA/WPL

SOUTHWEST CHEESE COMPANY, L.L.C.,

    Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Rebecca Martinez has filed a motion to compel additional responses to her Requests for Production ("RFPs") from Southwest Cheese Company, L.L.C. ("Southwest Cheese"). (Doc. 33.) Southwest Cheese responded to the motion (Doc. 42), and Martinez filed a reply (Doc. 51). This Order will grant in part and deny in part Martinez's motion for additional discovery responses.

Martinez filed this action against Southwest Cheese, her former employer, bringing claims of sexual harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (2006); racial discrimination under 42 U.S.C. § 1981; and age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, along with several state law claims. (Doc. 1 Ex. 1 at 6-17.) Discovery commenced on August 23, 2012 (Doc. 12), and on that day Martinez sent several RFPs to Southwest Cheese. (Doc. 33 at 1.) The latter provided responses and objections to Martinez on October 5, 2012, a date chosen by both parties (*see* Doc.

42 at 1),[1] and provided additional documents after Martinez complained about the sufficiency of the original RFP responses (Doc. 33 at 1). However, Martinez maintains that Southwest Cheese's responses to seven of the RFPs remain either partly or wholly incomplete. (*Id.* at 6.)

### DISCUSSION

A party is entitled to seek discovery as to "any nonpriviliged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). The scope of permissible discovery is construed broadly so as "to achieve the full disclosure of all potentially relevant information." *Sanchez v. Matta*, 229 F.R.D. 649, 654 (D.N.M. 2004). Still, "broad discovery is not without limits," *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (citation omitted), and the concept of relevance should not be stretched so as to encourage a "fishing expedition," *see Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000).

If a party fails to respond sufficiently to a RFP, the party requesting the response may seek to compel the opposing party to respond. FED. R. CIV. P. 37(a)(2)(B). However, the decision to grant or deny a motion to compel is left to the sound discretion of the trial court. *Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1230 (10th Cir. 2001) (citation omitted).

### I.     Access to Emails Concerning Plaintiff

RFP No. 5 seeks, among other things, any minutes or interoffice correspondence "related in any way to any discussion to discipline, put on probation, or terminate Plaintiff." (Doc. 34 at 2.) As part of this RFP, Martinez seeks access to email accounts belong to a variety of management employees at Southwest Cheese, arguing that the emails in these accounts "are critical to . . . establishing a continuous hostile work environment." (Doc. 33 at 3-4.) Southwest

---

[1] Although Martinez alleges in her motion that her RFPs "were not answered at all" by the October 5 deadline (Doc. 33 at 1), she attaches excerpts from Southwest Cheese's responses bearing that date (Doc. 34).

Cheese objects that Martinez's claim regarding a hostile work environment is limited to allegations of sexual harassment by Donnie Romero and that she has not alleged receiving any inappropriate emails from Romero or any other employee. (Doc. 42 at 2.)

Martinez states in her complaint that she spoke to Brenda Miller, the human resources director, regarding the alleged harassment by Romero, and that as a result she was called into a meeting with manager George Chappell and production manager David Williamson. (Doc. 1 Ex. 1 at 4.) She says that she agreed with Chappell's assessment that Romero should merely be orally reprimanded, but only because she feared for her job. (*Id.*) Nowhere else in her complaint, other than in discussing Romero's harassment, does Martinez make any allegations that would appear to be related to the creation of a hostile work environment by specific individuals. She does not request any emails from Chappell or Williamson, she does not allege in her complaint that Romero ever sent any harassing emails (*id.* at 3-5), and she only cites Eric Denton and Justin Musick as having been responsible for missteps at the company that were ultimately pinned on Martinez, without any suggestion that either Denton or Musick was responsible for the misdirected reprimands or otherwise involved in her discipline (*id.* at 5). With the exception of Miller, none of the other individuals possessing emails that Martinez requests are mentioned at all in her complaint. Although Martinez asserts that her complaint makes additional allegations (Doc. 51 at 1-2), such allegations in fact first appear in her response to Southwest Cheese's summary judgment motion and an attached affidavit. (*Compare* Doc. 1 Ex. 1 at 3-5 (allegations in her pleading), *with* Doc. 43 at 1-25 (allegations in her response to Southwest Cheese's motion for summary judgment), *and* Doc. 43 Ex. 1 (allegations in Martinez's affidavit).)[2]

---

[2] Martinez accuses Southwest Cheese of "incorrectly stat[ing]" in its response that she failed to mention receiving any inappropriate emails. (Doc. 51 at 1.) However, Southwest Cheese's statement was correct at the time it was filed; no such facts appear in her complaint. Martinez's allegations that unnamed managers and employees harassed Martinez via email first appear in her response to Southwest Cheese's

It is true that "discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." *Gomez*, 50 F.3d at 1520 (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). However, the extent of discovery may be limited when its burden or expense outweighs its likely benefit, FED. R. CIV. P. 26(b)(2)(iii), even in the context of a Title VII action, *see Gomez*, 50 F.3d at 1520. Accordingly, limitations may be imposed "[w]hen a plaintiff first pleads its allegations in entirely indefinite terms . . . and then bases massive discovery requests upon those nebulous allegations, in the hope of finding particular evidence of wrongdoing." *Koch v. Koch Indus.*, 203 F.3d 1202, 1238 (10th Cir. 2000). Here, Martinez's pleading itself makes no allegations of harassing behavior by anyone other than Romero, and even her subsequent filings consist of only nebulous allegations that unnamed "management and employees" sent harassing messages to Martinez via email. (Doc. 43 at 19-20.) Such indefinite terms, without more, do not justify access to the email accounts of nine managers and team leaders at the company.

That said, any emails to or from Miller, the human resources director, concerning discipline or termination of Martinez could be relevant to Martinez's claims of harassment, breach of contract, or discrimination. Therefore, I will grant Martinez's motion with respect to her request for emails from Miller, and Southwest Cheese shall produce all nonprivileged emails sent or received by Miller that are responsive to RFP No. 5. With respect to her request for emails to or from all other individuals specified in her motion, Martinez's motion is denied.

---

summary judgment motion (Doc. 43 at 19-20) and her attached affidavit (Doc. 43 Ex. 1 at 6-7), documents that were signed, sworn, and filed after Southwest Cheese submitted its response to the instant motion.

## II.   Organizational Charts

In response to RFP No. 7, Southwest Cheese provided organizational charts for the years 2008 through 2011. (*See* Doc. 38 Ex. B-1.) Although Southwest Cheese observes that the majority of Martinez's complaint centers on activity occurring in or after 2008 (Doc. 42 at 2-3), Martinez also says that charts for the years 2005 through 2007 are relevant to her claims, noting that her allegations cover the span of her employment at the organization and that she was employed at Southwest Cheese beginning in 2005 (Doc. 34 at 3; Doc. 51 at 3). Given the broad scope of discovery permitted under Rule 26, I am inclined to agree with Martinez. Southwest Cheese shall provide organizational charts responsive to RFP No. 7, including those covering the years 2005 through 2007.

## III.   Tax and Financial Documents

Southwest Cheese also objects to several RFPs seeking its financial information. RFP Nos. 14 and 15 seek the portions of Southwest Cheese's tax returns relating to income from its New Mexico operations as well as gross sales; RFP No. 19 seeks "Defendant's two most recent financial statements submitted to any bank or lending institution"; and RFP No. 20 seeks information on Southwest Cheese's net worth. (Doc. 34 at 6-8.) Martinez states that these documents are relevant to both the merits of her discrimination claims and her request for punitive damages. Southwest Cheese counters that the documents are irrelevant to her substantive claims and that discovery as to punitive damages is premature.

As to the merits, Martinez claims that she received a smaller salary increase than her male colleagues in March 2011 and that she was told that bonuses were not being paid that year. (Doc. 1 Ex. 1 at 6.) Southwest Cheese states that it has produced a chart showing the raises received by its salaried employees during 2011, and it again asserts that it did not pay bonuses to

salaried employees that year (Doc. 42 at 3), a claim that Martinez does not appear to dispute. Assuming that this information also sets forth or makes calculable the percentage increase in pay for each salaried employee,[3] it is unclear how additional financial documents from the company would be relevant to the relative salary increase received by her former coworkers.

Southwest Cheese also contends that because discovery relevant to punitive damages may be conducted after the case goes to trial, such discovery is therefore inappropriate at this point. Although the company cites to several cases from sister jurisdictions for support, one of these cases only rejected the presentation of net worth information at trial during consideration of a motion in limine, *see Schrieber v. Fed. Express Corp.*, No. 09-CV-128-JHP-PJC, 2010 WL 1078463, at *5 (N.D. Okla. Mar. 18, 2010), while another actually permitted discovery of relevant financial documents at this stage, *see E.E.O.C. v. Original Honeybaked Ham Co. of Ga., Inc.*, No. 11-cv-02560-MSK-MEH, 2012 WL 2930217, at *2 (D. Colo. July 18, 2012). Indeed, "[t]he party requesting the discovery generally does not need to establish a prima facie case on the issue of punitive damages before it can obtain pretrial discovery of the other party's financial statements and tax returns." *Pedroza v. Lomas Auto Mall, Inc.*, No. CIV 07-0591 JB/RHS, 2008 WL 4821457, at *2 (D.N.M. July 10, 2008) (citation omitted). "[I]f a plaintiff's claim for punitive damages are not spurious, then a plaintiff is entitled to net worth information and documents in the discovery phase of the lawsuit." *Id.* at *3 (citation omitted).

Southwest Cheese has not established here that Martinez's claims for punitive damages are spurious. Accordingly, Martinez is entitled to obtain relevant financial documents responsive to RFP Nos. 14, 15, 19, and 20, subject to an appropriate protective order. To respond to RFP

---

[3] The fact that Martinez is aware that Denton received a four-percent raise in 2011 (Doc. 51 at 3) suggests that Southwest Cheese has provided such information to her. If this is not the case, Southwest Cheese shall provide this information to Martinez within ten days of the entry of this Order.

No. 20, Southwest Cheese may provide a calculation of total assets minus total liabilities for 2011. *See E.E.O.C.*, 2012 WL 2930217, at *2.

IV. **RFP No. 12.**

Finally, Martinez apparently seeks a more complete response to RFP No. 12. (Doc. 33 at 6.) That RFP sought all recordings or transcripts "of any meeting, conversation or event in which Plaintiff was a participant or a topic of discussion." (Doc. 34 at 5.) However, Martinez does not at all address her dissatisfaction with Southwest Cheese's responses to RFP No. 12 in her motion or reply. She specifically relates her request for access to employee email to RFP No. 5 (*see* Doc. 33 at 4 (citing "Request for Production 5" and "Request 5" in seeking email access)), and none of Martinez's other concerns appear to be any more relevant to RFP No. 12. Without more, I must deny Martinez's motion with respect to responses to this RFP.

## CONCLUSION

Martinez's Motion to Compel is granted with respect to Southwest Cheese's responses to RFP Nos. 5, 7, 14, 15, 19, and 20, as described in this Order. Southwest Cheese shall have ten days from the entry of this Order to provide the appropriate responses to Martinez's RFPs as described above. Martinez's motion is denied with respect to all other responses to RFPs.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.