IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REBECCA MARTINEZ,

     Plaintiff,

vs.                                                  Civ. No. 12-660 KG/WPL

SOUTHWEST CHEESE COMPANY, L.L.C.,

     Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

     This matter comes before the Court upon Plaintiff's Motion to Disregard Portions of the Affidavit of George Chappell Attached as Exhibit A and the Affidavit of Brenda Miller Attached as Exhibit C to Defendant's Motion for Summary Judgment or Alternatively Stay or Deny the Motion for Summary Judgment Because SWC Has Not Produced Material Evidence (Motion to Disregard), filed on March 26, 2013.  (Doc. 55).  Defendant filed a response on April 9, 2013, and Plaintiff filed a reply on April 19, 2013.  (Docs. 62 and 65).  Having reviewed the Motion to Disregard and the accompanying briefs, the Court grants the Motion to Disregard, in part, for the following reasons.

*A.  Background*

     This is a sexual discrimination and harassment case brought by Plaintiff against her former employer, Defendant Southwest Cheese Company, L.L.C. (SWC).  On March 5, 2013, SWC filed Defendant Southwest Cheese Company's Motion for Summary Judgment (Motion for Summary Judgment).  (Doc. 38).  SWC attached multiple exhibits to the Motion for Summary Judgment including affidavits by George Chappell, SWC's current president, and Brenda Miller, SWC's former Human Resources Director.  Plaintiff filed her response to the Motion for

Summary Judgment on March 19, 2013.  (Doc. 43).  Plaintiff then filed the Motion to Disregard a week later, but before SWC filed its reply for the Motion for Summary Judgment on April 2, 2013.  *See* (Doc. 59).

*B.  Discussion*

Plaintiff moves the Court to disregard paragraph 9 of Chappell's affidavit and to disregard paragraphs 4, 9, and 11 of Miller's affidavit.  In the alternative, Plaintiff moves to stay ruling on the Motion for Summary Judgment under Fed. R. Civ. P. 56(d)(2) to allow (1) Plaintiff to depose Chappell; (2) SWC to produce Performance Improvement Plans (PIPs) for two un-named employees mentioned in paragraph 9 of Chappell's affidavit; (3) Plaintiff to re-depose Donnie Romero, the SWC employee who allegedly sexually harassed Plaintiff; and (4) SWC to produce its disciplinary action against Romero.  Plaintiff also seeks, in the alternative to additional discovery, that the Court deny the Motion for Summary Judgment because SWC has failed to produce material evidence solely possessed by SWC.

*1.  Paragraph 9 of Chappell's Affidavit*

Chappell states in his sworn affidavit that the facts in the affidavit are within his personal knowledge.  (Doc. 38-1) at 3, ¶ 1.  He also states that during the time relevant to this lawsuit he was SWC's Plant Manager and then the Director of Operations.  *Id*. at ¶ 3.  In addition, Chappell explains that Team Leaders report to three Production Managers who in turn "ultimately report to the Cheese Plant Manager."  *Id.* at 4, ¶ 5.  In paragraph 9 of his affidavit, Chappell states that when Plaintiff was placed on a PIP for job performance issues,

> [t]here were two other supervisory level employees also responsible for the shift Martinez worked, another Team Leader and the Production Manager.  At the time Martinez was placed on her PIP, these two individuals were also placed on a PIP for their part in managing the shift's performance.

*Id.* at 4. Plaintiff contends that (1) the facts asserted in paragraph 9 are not based on Chappell's personal knowledge; (2) paragraph 9 is not supported by specific facts like the identity of the Team Leader and the Production Manager; and (3) SWC has not produced PIPs for the Team Leader and Production Manager.

### a. Chappell's Personal Knowledge

Federal Rule of Civil Procedure 56(c)(4) provides that an affidavit supporting a motion for summary judgment "must be made on personal knowledge…."  Chappell swears in his affidavit that the facts contained in it are based on his personal knowledge.  Moreover, Plaintiff does not dispute that, as Plant Manager, Chappell would have been in a position to know whether the Team Leader and Production Manager on Plaintiff's shift were also issued PIPs.  *See Roberts v. Cessna Aircraft Co.*, 289 Fed. Appx. 321, 324 (10th Cir. 2008) (affiant's personal knowledge may be inferred from affidavit's context); *American Management Services, LLC v. Department of the Army*, 842 F.Supp.2d 859, 867 (E.D. Va. 2012) (affiant's personal knowledge may be inferred from affiant's employment position and responsibilities as well as other contextual factors).  The Court, therefore, rejects Plaintiff's contention that Chappell does not have personal knowledge of the facts contained in paragraph 9.

### b. SWC's Failure to Provide Specific Facts and to Include PIPs

To satisfy Plaintiff's concerns that she did not know the identification of the two employees referenced in paragraph 9 and that Plaintiff did not have the PIPs issued to those employees, SWC provided Plaintiff the PIPs for those employees on March 29, 2013.  *See* (Doc. 62-1).  First, SWC produced a PIP which Eric Denton issued to Team Leader Carol Krause.  *Id.* at 24-33.  SWC also produced an email from Gilbert Baca to various employees, including Chappell, concerning production problems experienced by Krause as well as an email from

Denton to Krause regarding those production problems.  *Id.* at 27.  Second, SWC produced a PIP which Chappell issued to Ricardo Rivas.  *Id*. at 34-41.

Plaintiff complains first that since Chappell did not prepare Krause's PIP he could not have had personal knowledge of that PIP.[1]  As noted above, Chappell swore in his affidavit that he had personal knowledge of PIPs issued to two employees, one of whom is now identified as Krause.  The fact that Chappell did not personally prepare Krause's PIP does not mean that, as Plant Manager, he did not personally know about the PIP.  In fact, Baca sent Chappell an email noting Krause's problems with production.  Plaintiff's argument that Chappell did not have personal knowledge of Krause's PIP is unconvincing and without merit.

Next, Plaintiff contends that SWC did not disclose Rivas until after discovery closed on February 19, 2013, and that she has, therefore, not had an opportunity to depose Rivas or Chappell about Rivas' PIP.  *See* (Doc. 12) at 1.  Rule 56(d) states that if a non-movant to a motion for summary judgment "shows by affidavit or declaration that, for <u>specified reasons</u>, it cannot present facts essential to justify its opposition" to a motion for summary judgment, the Court may "allow time to obtain affidavits or declarations or to take discovery…."  (Emphasis added). The Tenth Circuit Court of Appeals has held that Rule 56(d) requires that the non-movant "identify the unavailable facts, why the facts cannot be presented, the steps taken to obtain them, and how additional time will help the party obtain the facts and rebut the motion for summary judgment." *Freeman v. Carroll*, 506 Fed. Appx. 694 (10th Cir. 2012) (unpublished

---

[1] Plaintiff also contends, without argument or citation, that the statements by Denton and Krause are inadmissible hearsay.  The Court will not consider such conclusory and unsupported contentions.  *See* D.N.M. LR-Cv 7.3(a) (a response "must cite authority in support of the legal positions advanced.").

4

decision) (citing *Valley Forge Ins. Co. v. Health Care Mgmt. Partners Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010)).

Here, Plaintiff has not identified by affidavit or declaration what specific unavailable facts would be gleaned from deposing Rivas or Chappell about a PIP which she now has. Moreover, Plaintiff chose not to notice Chappell for deposition during the discovery period when she could have asked him about his knowledge of PIPs issued during the time period relevant to this case. (Doc. 62) at 1-2. Plaintiff's unjustified failure to take steps before now to depose Chappell certainly does not justify allowing her to depose Chappell at this late stage in the proceedings. Finally, Plaintiff does not show how these depositions would necessarily aid her in rebutting the Motion for Summary Judgment. Plaintiff is, therefore, not entitled to depose Rivas or Chappell under Rule 56(d). In sum, the Court will not disregard paragraph 9 of Chappell's affidavit nor will the Court allow Plaintiff to depose Rivas or Chappell.

2. *Miller's Affidavit*

a. *Paragraph 4*

Paragraph 4 of Miller's affidavit states: "SWC employs all of its production employees on an 'at-will' basis, meaning either the employee or SWC can terminate the employment relationship with or without cause and with or without notice." (Doc. 38-2) at 34. Miller further testified at her deposition that since SWC does not provide employment contracts, employment with SWC is at-will. (Doc. 62-2) at 3. Miller, however, later testified in her deposition that SWC had a policy of terminating employment for good cause after following progressive discipline. (Doc. 48-1) at 1. Plaintiff argues that the inconsistency between paragraph 4 of Miller's affidavit and her deposition testimony where she testified to a good cause policy for termination creates an impermissible sham issue of fact.

The mere fact that an affidavit conflicts with prior sworn testimony is insufficient for a court to disregard the affidavit. *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 973 (10th Cir. 2001).  Nonetheless, a court can disregard an affidavit which conflicts with deposition testimony if the affidavit creates a sham issue of fact. *Id.*  In this case, although statements within Miller's deposition testimony seem inconsistent, Miller's affidavit is actually consistent with her deposition testimony that SWC is an at-will employer.  Because the affidavit and deposition testimony are not inconsistent in that respect, the Court cannot conclude that SWC is attempting to create a sham issue of fact.  Instead, when the Court decides the Motion for Summary Judgment, the Court will consider what weight to give paragraph 4 in light of Miller's deposition testimony.

Plaintiff also takes issue with SWC's argument that "Miller only testified that it was SWC's 'policy,' as opposed to a contractual obligation, to follow progressive discipline and good cause termination standards."  (Doc. 62) at 4.  Plaintiff argues that this statement is contrary to New Mexico law which provides that an implied employment contract can be created despite an employer's characterization of the employment as at-will. *See, e.g., Beggs v. City of Portales*, 2009-NMSC-023 ¶ 20, 146 N.M. 372 ("even where a personnel manual purports to disclaim any intentions of forming contractual obligations enforceable against an employer, a fact finder may still look to the totality of the parties' statements and actions, including the contents of a personnel manual, to determine whether contractual obligations were created.").  Determining the legal significance of Miller's deposition testimony, however, is best made in the context of the Motion for Summary Judgment and not in a Motion to Disregard where the Court simply decides whether it should consider an affidavit.  For the above reasons, the Court will not disregard paragraph 4 of Miller's affidavit.

6

### b. *Paragraph 9 of Miller's Affidavit*

Paragraph 9 of Miller's affidavit refers to actions Miller took with respect to Romero's alleged inappropriate behavior toward Plaintiff.  Miller states:  "Following my meeting with Romero, I met with George Chappell, SWC's Cheese Plant Manager, and Eric Denton, Romero's direct supervisor.  During the meeting we determined that Romero should be given a written warning and a five-day unpaid suspension."  (Doc. 38-2) at 35.  Consistent with paragraph 9 of Miller's affidavit, Miller testified at her deposition that Romero received a written reprimand with a five-day suspension.  (Doc. 62-3) at 2.  Romero, likewise, testified at his deposition that he received a five-day suspension.  (Doc. 62-3) at 2-3.

Plaintiff notes, however, that Romero's personnel file does not reflect a five-day suspension for his behavior toward Plaintiff and that other evidence in the record shows a five-day suspension related to Romero's sexual harassment of three other women.  Plaintiff, therefore, requests that she be permitted to re-depose Romero about the suspension and that SWC be ordered to produce its disciplinary action against Romero as well as other written documentation demonstrating a five-day suspension.

SWC correctly notes that Rule 56(c)(4) does not require that Miller's affidavit be supported by written documentation.  Moreover, Plaintiff has not produced an affidavit or declaration under Rule 56(d) which contains "specified reasons" demonstrating that she needs the requested discovery to "present facts essential to justify" her opposition to the Motion for Summary Judgment.  In addition, although Plaintiff seems to suggest that the reason there is no documentation in Romero's personnel file of the five-day suspension is because there was no five-day suspension, Plaintiff does not dispel the possibility that there may have been some other reason for the absent documentation such as a misfiling of the documents.  Plaintiff has also

previously deposed Miller and Romero regarding the five-day suspension and had the

opportunity to cross-examine Miller and Romero on that subject.  The Court cannot now subject

SWC to discovery requests to which it has already responded to.  The appropriate course is for

the Court to determine what weight to give paragraph 9 considering Miller's and Romero's

deposition testimony and Romero's personnel file when the Court decides the Motion for

Summary Judgment. The Court will, therefore, neither disregard paragraph 9 nor allow Plaintiff

additional discovery related to the facts asserted in paragraph 9.

> ### c.  *Paragraph 11*

Paragraph 11 of Miller's affidavit states:

> On August 28, 2012, Martinez sent me a written grievance letter stating that she had
> concerns regarding prejudice (race, age, gender), sexual harassment, unjustified
> promotions and terminations, and the standards for corrective actions.  I, along with
> Chappell[,] investigated each complaint and found that each were baseless.  Specifically,
> we found that Martinez['s] complaints of racial slurs were unfounded, her corrective
> actions and Performance Improvement Plan were all for admitted poor performance, that
> discipline, when SWC was aware of employee misconduct, was fairly issued to all
> employees that had participated in the misconduct, that she was not passed over for
> promotions, and that the appropriate corrective action was issued to Romero based on
> Martinez'[s] complaint of sexual harassment.

(Doc. 38-2).  Plaintiff has several concerns with paragraph 11.  First, she asserts that Miller's

statement that she "along with Chappell[,] investigated each complaint and found that each were

baseless" is impermissible hearsay.  *See* Fed. R. Civ. P. 52(c)(4) (affidavit supporting motion for

summary judgment must "set out facts that would be admissible in evidence…").  SWC

contends that this statement is not hearsay because Miller personally conducted the investigation

with Chappell and because Miller is not testifying as to any statements Chappell made during the

investigation.  From the context of the sentence at issue, it appears that Miller personally

investigated Plaintiff's complaints and found the complaints to be baseless.  That portion of the

sentence is clearly admissible and not hearsay.  However, Miller's statement that Chappell also found that the complaints were baseless constitutes impermissible hearsay offered "to prove the truth of the matter asserted…."  *See* Fed. R. Evid. 801(c); *Thomas v. International Business Machines*, 48 F.3d 478, 485 (10th Cir. 1995) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990)) ("A third party's description of [a witness'] supposed testimony is not suitable grist for the summary judgment mill.").  The Court will, therefore, disregard that part of paragraph 11.

Second, Plaintiff contends that Miller's statement "that discipline, when SWC was aware of employee misconduct, was fairly issued to all employees that had participated in the misconduct" fails to mention the name of those employees, when the alleged misconduct occurred, and the level of the corrective action taken.  Plaintiff notes that she had previously sought in her Interrogatory No. 13 information on the identity of employees who received PIPs similar to hers between 2005 and 2011.  *See* (Doc. 48-17) at 3.  SWC initially objected to answering Interrogatory No. 13, but has since provided PIPs for Krause and Rivas in response to that interrogatory.  *Id*.; (Doc. 62-1) at 13.  Plaintiff, nonetheless, maintains that SWC has not produced all of the PIPs sought in Interrogatory No. 13 as ordered by the Magistrate Judge. Plaintiff, however, does not cite to any order by the Magistrate Judge compelling SWC to more fully answer Interrogatory No. 13 or to produce more PIPs.  In fact, it appears from the docket sheet that Plaintiff never moved to compel SWC to answer Interrogatory No. 13.  In addition, Plaintiff does not provide any information to suggest that SWC's production of the Krause and Rivas PIPs does not fully respond to Interrogatory No. 13.

Third, Plaintiff raises concerns with Miller's statements that (1) discipline had been "fairly issued to all employees that had participated in the misconduct;" and (2) "appropriate

corrective action was issued to Romero…."  The Court considers Miller's characterization of the discipline and corrective action as "fairly issued" and "appropriate," respectively, to be self-serving.  *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir.1991) (self-serving affidavit insufficient).  Accordingly, the Court will disregard that characterization of the discipline and corrective action.  The Court, however, will not disregard the fact of the discipline and corrective action because Miller apparently has personal knowledge of that discipline and corrective action.

   *3.  Plaintiff's Alternative Request That the Court Deny the Motion for Summary Judgment*

   As discussed above, SWC has not failed to produce material evidence as Plaintiff contends.  Accordingly, Plaintiff has not persuaded the Court that it should summarily deny the Motion for Summary Judgment.   Consequently, the Court denies Plaintiff's request, in the alternative, to deny the Motion for Summary Judgment.

   IT IS ORDERED that:

   1.  Plaintiff's Motion to Disregard Portions of the Affidavit of George Chappell Attached as Exhibit A and the Affidavit of Brenda Miller Attached as Exhibit C to Defendant's Motion for Summary Judgment or Alternatively Stay or Deny the Motion for Summary Judgment Because SWC Has Not Produced Material Evidence (Doc. 55) is granted in part;

   2.  the Court will disregard that portion of paragraph 11 of Miller's affidavit wherein she states that Chappell found that Plaintiff's complaints were "baseless;"  and

   3.  the Court will disregard that portion of paragraph 11 of Miller's affidavit wherein she characterizes discipline and a corrective action as "fairly issued" and "appropriate," respectively.

                                                  _____
                                                  UNITED STATES DISTRICT JUDGE