IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REBECCA MARTINEZ,

    Plaintiff,

vs.                                                           Civ. No. 12-660 KG/WPL

SOUTHWEST CHEESE COMPANY, L.L.C.,

    Defendant.

MEMORANDUM OPINION AND ORDER

       This matter comes before the Court upon Plaintiff Rebecca Martinez' [sic] Motion to Disregard "Supplemental Appendix of Evidence in Support of Defendant's Motion for Summary Judgment" Attached to its Reply or Alternatively Motion to File Sur-Reply (Motion to Disregard), filed on April 19, 2013.  (Doc. 66).  On May 3, 2013, Defendant Southwest Cheese Company, L.L.C. (SWC) filed a response to the Motion to Disregard, and on May 7, 2013, Plaintiff filed her reply.  (Docs. 72 and 73).  Having reviewed the Motion to Disregard and the accompanying briefs, the Court grants the Motion to Disregard, in part, for the following reasons.

*A.  Background*

       This is a discrimination and sexual harassment case brought by Plaintiff against her former employer, SWC.  On March 5, 2013, SWC filed Defendant Southwest Cheese Company's Motion for Summary Judgment (Motion for Summary Judgment).  (Doc. 38). Plaintiff filed her response to the Motion for Summary Judgment on March 19, 2013, and SWC filed its reply on April 2, 2013.  (Docs. 43 and 59).  SWC attached the following new exhibits to its reply:

    1.  Exhibit 1:  a chart of Plaintiff's allegations and when Plaintiff raised those allegations;

    2.  Exhibit G:  additional deposition testimony by Donnie Romero;

    3.  Exhibit H:  amended deposition testimony by Plaintiff;

    4.  Exhibit I:  an affidavit by Earnest Loveless, as custodian of records, attesting to the authenticity of Exhibits I-1 and I-2;

    5.  Exhibit I-1:  Performance Improvement Plan (PIP) for Ricardo Rivas; and

    6.  Exhibit I-2:  PIP for Carol Krause.

*B. Discussion*

Plaintiff argues in her Motion to Disregard that the Court should disregard Exhibits 1, I, I-1, and I-2.  *See* (Doc. 66).  In the alternative, Plaintiff moves for permission to file a surreply.  *Id.*  Plaintiff, however, raises new arguments in her reply concerning Exhibits G and H.  *See* (Doc. 73) at 6.  In the Tenth Circuit, "a party waives issues and arguments raised for the first time in a reply brief."  *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 n. 7 (10th Cir. 2009).  The Court will, therefore, address only Plaintiff's concerns with Exhibits 1, I, I-1, and I-2.

    *1. Exhibit 1:  SWC's Chart*

Plaintiff complains that SWC has not properly authenticated Exhibit 1.  SWC acknowledges that it is not offering Exhibit 1 as evidence and that counsel prepared Exhibit 1 to aid the Court.  Because SWC is not offering Exhibit 1 as evidence, it is appropriate that the Court disregard Exhibit 1.

*2. Exhibits I, I-1, and I-2:  the PIP Exhibits*

Plaintiff asks the Court to disregard the PIP exhibits because SWC had not produced them before Plaintiff filed her response to the Motion for Summary Judgment.[1]  Alternatively, Plaintiff seeks permission to file a surreply to respond to those exhibits.  It is well-established that if a motion for summary judgment reply contains new material, the Court can either disregard the new material or allow the nonmovant an opportunity to file a surreply.  *Doebele v. Sprint/United Management Co.*, 342 F.3d 1117, 1139 n. 13 (10th Cir. 2003) (citing *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164-65 (10th Cir. 1998)).   SWC argues that the PIPs are not really "new" materials because an affidavit attached to the Motion for Summary Judgment refers to those PIPs by mentioning that SWC placed a Team Leader and Production Manager on PIPs.  (Doc. 38) at 8, ¶ 24 (citing Chappell Aff. (Doc. 38-1) at 4, ¶ 9).  Exhibits I-1 and I-2 are the PIPs for that Team Leader and Production Manager.  SWC, however, does not adequately explain why it did not attach those PIPs to the Motion for Summary Judgment when SWC presumably had possession of those PIPs. The Court concludes that Exhibits I, I-1, and I-2 are new materials which the Court will disregard in its consideration of the Motion for Summary Judgment.

IT IS ORDERED that:

1. Plaintiff Rebecca Martinez' [sic] Motion to Disregard "Supplemental Appendix of Evidence in Support of Defendant's Motion for Summary Judgment" Attached to its Reply or Alternatively Motion to File Sur-Reply (Doc. 66) is granted in part; and

---

[1] SWC provided the PIPs to Plaintiff on March 29, 2013, nine days after Plaintiff filed her response to the Motion for Summary Judgment.  *See* (Doc. 72) at 2, ¶ 5.

2. the Court disregards Exhibits 1, I, I-1, and I-2.

_____
UNITED STATES DISTRICT JUDGE