IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REBECCA MARTINEZ,

    Plaintiff,

vs.                                                 Civ. No. 12-660 KG/WPL

SOUTHWEST CHEESE COMPANY, LLC,

    Defendant.

MEMORANDUM OPINION AND ORDER

        This matter comes before the Court on Defendant Southwest Cheese Company's Motion to Alter or Amend Judgment (Motion to Alter or Amend Judgment), filed August 1, 2014. (Doc. 86). Plaintiff responded to the Motion to Alter or Amend Judgment on August 4, 2014, and Defendant Southwest Cheese Company, LLC (SWC) filed a reply on August 18, 2104. (Docs. 87 and 94). Having reviewed the Motion to Alter or Amend Judgment and the accompanying briefs, the Court denies the Motion to Alter or Amend Judgment.

*A. Background*

        On July 10, 2014, the Court dismissed Plaintiff's federal claims as well as her state New Mexico Human Rights Act claims and state breach of contract claim. (Docs. 82 and 83). The Court also *sua sponte* declined to exercise supplemental jurisdiction over Plaintiff's remaining state claims for intentional infliction of emotional distress and for negligent supervision. (Doc. 82) at 19. The Court declined to exercise that supplemental jurisdiction under 28 U.S.C. § 1367(c)(3), which provides that a district court may decline to exercise supplemental jurisdiction over state claims if "the district court has dismissed all claims over which it has original jurisdiction." *See* (Doc. 82) at 19. The Court also quoted from *Koch v. City of Del City,* in

which the Tenth Circuit reiterated "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." 660 F.3d 1228, 1248 (10th Cir. 2011) (internal quotation marks and citation omitted); s*ee* (Doc. 82) at 19. Consequently, the Court remanded those remaining state claims to the Ninth Judicial District Court, County of Roosevelt, State of New Mexico. (Doc. 84).

*B.  Discussion*

SWC brings this Motion to Alter or Amend Judgment under Fed. R. Civ. P. 59(e). SWC seeks to have the Court reconsider its Order of Remand, vacate the Order of Remand, and amend the Court's Order Granting Partial Summary Judgment and Dismissing Certain Claims to grant summary judgment in SWC's favor on the remaining state claims. SWC argues first that the Court erred in "giv[ing] no explanation for the remand other than the general rule that federal courts usually should remand supplemental state-law claims once all federal claims have been resolved." (Doc. 86) at 4. Second, SWC argues this is the kind of case where the Court should have exercised supplemental jurisdiction over the remaining state claims. Third, assuming the Court exercises supplemental jurisdiction over the remaining state claims, SWC argues the Court should also grant summary judgment in SWC's favor on those claims because they are "intertwined" with the dismissed claims. *Id.* at 10. Plaintiff contests these arguments.

The Tenth Circuit recognizes only certain grounds for granting a Rule 59(e) motion, including: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Here, SWC apparently brings its Motion to Alter or Amend Judgment to either "correct clear error or prevent manifest injustice."

The preliminary issue is whether the Court can, without further analysis, decline to exercise supplemental jurisdiction over state claims when the Court has dismissed all of the federal claims which would have supported original federal jurisdiction. Tenth Circuit law on this issue is summarized well in *OneBeacon America Ins. Co. v. San Juan County*, 2013 WL 5934351 (D.N.M.). Courts have the discretion to exercise supplemental jurisdiction considering "judicial economy, convenience and fairness to the litigants." However, "[i]f federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction…." *Id*. at *6 (internal quotation marks and citations omitted). Further, "[s]everal Tenth Circuit opinions 'appear to foreclose the court from considering' factors that would otherwise be 'compelling reasons to retain jurisdiction,' such as that the court is prepared to rule on the substantive merits of a summary judgment motion on the state law claims, or that 'both parties would be disadvantaged by the inevitable delay that would almost certainly result' from not exercising supplemental jurisdiction." *Id.* (citation omitted). In this case, just as in *OneBeacon America Ins. Co*, "[i]t is unclear 'what, if any, discretion the Court retains to exercise jurisdiction over the state law claims' when the original claims which gave the Court jurisdiction are no longer present." *Id.* (quoting *Marquez v. Harvest Standard, LLC*, 2011 WL 1755265 *2). "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Id.* at *7 (quoting *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966) (quoted in *Bauchman for Bauchman v. West High School*, 132 F.3d 542, 549 (10th Cir. 1997)).

And this Court's order is consistent with recent Tenth Circuit rulings. For example, in *Cunningham v. University of New Mexico Bd. of Regents*, the Tenth Circuit ruled the District Court did not abuse its discretion when it declined to exercise supplemental jurisdiction over

3

state claims after it dismissed all of the plaintiff's federal claims.  531 Fed. Appx. 909, 913 n. 5 (10th Cir. 2013) (quoting *Koch,* 660 F.3d at 1248, "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").  The Tenth Circuit then concluded that "[t]he district court only declined to exercise supplemental jurisdiction after dismissing Mr. Cunningham's federal claims; in our view, the court did not abuse its discretion."  *Id*.

More recently, in *Wishneski v. Andrade,* the Tenth Circuit found that District Court did not abuse its discretion in adopting a proposed recommendation and declining to exercise supplemental jurisdiction over Plaintiff's state claims."  2014 WL 3453607 *1 (10th Cir.).  The Tenth Circuit further noted that the District Court's decision to resolve one state claim "on the merits while declining supplemental jurisdiction over other state claims would not be impermissible."  *Id.* at *8 n. 2.

The current state of Tenth Circuit law, as described above, supports the Court's *sua sponte* decision to decline to exercise supplemental jurisdiction over the remaining state claims once the Court granted summary judgment on the federal claims.  SWC has not persuaded this Court that granting the Motion to Alter or Amend Judgment would "correct clear error or prevent manifest injustice."  Consequently, the Court denies the Motion to Alter or Amend Judgment.

IT IS SO ORDERED that Defendant Southwest Cheese Company's Motion to Alter or Amend Judgment (Doc. 86) is denied.

_____
UNITED STATES DISTRICT JUDGE